# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER, | CASE NO. 1:09-cv-01556-MJS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| KEN CLARK, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison in Susanville. He filed a form civil rights complaint pursuant to 42 U.S.C. § 1983. His statement of claim refers to the Americans With Disabilities Act, 42 U.S.C. § 12132 et seq. Plaintiff names 27 individual defendants, including the Warden at Corcoran State Prison, the Attorney General, the Director of the CDCR and several correctional officials, but fails to indicate where the latter are employed.

The complaint is not clear. It refers however to plaintiff having been transferred to CSP Corcoran and then back to High Desert State Prison, to transfers between prison yards, to his disabled (wheelchair bound) status, and to a denial of access to "the telecommunications typewriter and tele relay system to communicate with the American people."

### A.   Civil Rights Claims

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived plaintiff of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th

2

Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff's complaint fails to allege facts sufficient to put any of the defendants on notice of the wrongful conduct they allegedly engaged in and what right they violated. In order to state a claim for relief under section 1983, plaintiff must allege facts indicating: 1) who that defendant is; 2) what that defendant did; 3) what right that defendant violated; and 4) how that defendant's actions violated that right. Plaintiff may not simply provide a narrative recounting of the injuries suffered by plaintiff. Plaintiff may not name defendants together with a vague allegation that his rights were violated. Each defendant in a civil rights action is only liable for the injuries that their own actions cause. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

**B.    ADA Claim**

Plaintiff also seeks to impose liability for violation of Title II of the Americans with Disabilities Act, which "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Plaintiff has not alleged any facts to support a claim of violation of the ADA. The mere allegations that plaintiff is wheelchair-bound and that he was denied telecommunication systems access does not state a claim for relief under the ADA. There are no facts tying alleged denial of access to the disabled status. The complaint does not, as required, give each defendant fair notice of the claim against him or her and the ground upon which it rests. Swierckewicz, 434 U.S. at 12.

Plaintiff has not identified a specific program or activity that CDCR makes available to non-disabled inmates but not to him. Nor does plaintiff allege facts to support his subjective belief that he was discriminated against on the basis of his disability.

Finally, "'Title II of the ADA prohibits discrimination in programs of a *public entity* or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)) (emphasis added). Individual liability claims against Defendants are not included. Plaintiff must name as a defendant the public entity that discriminated against him.

### C. Venue

Pursuant to Local Rule 129(d), any claims arising out of Lassen County, where High Desert State Prison is located, should be filed in the Sacramento division of the Eastern District of California. Any claims arising out of Kings County, where CSP Corcoran is located, should be filed in the Fresno division.

The Court will grant plaintiff leave to file an amended complaint. In the amended complaint, plaintiff must identify each defendant, indicate where that defendant is employed, and clearly allege the conduct that occurred at Corcoran State Prison. As to any conduct that occurred at High Desert State Prison, plaintiff should file those claims in a separate civil action in the Sacramento division.

### D. Supervisory Liability

Though not perfectly clear from the complaint, it appears likely plaintiff is undertaking to sue some of the 20 correctional official defendants in their supervisory capacities. However, he fails to allege facts indicating personal participation by the defendants in the deprivation of any protected right. Supervisory personnel are generally not liable under section 1983 for actions of their employees under a theory of respondeat superior; therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state such a claim, plaintiff must allege facts that could support a claim that the supervisory defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff has alleged no such facts here.

### III.    Conclusion and Order

The Court has screened plaintiff's complaint and finds that for the reasons set out above, it does not it does not state any claims upon which relief may be granted under section 1983. However, the Court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must describe what each named defendant did to deprive Plaintiff of constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. The "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint; any attempt to do so will result in an order striking the amended complaint;

5

and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   May 28, 2010                                   /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE