UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-1556-MJS (PC)<br><br>ORDER DENYING MOTION FOR COURT ORDER TO RELEASE PROPERTY<br><br>(ECF No. 16) |

    Plaintiff Leroy Dewitt Hunter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 3, 2009. On May 28, 2010, the Court dismissed Plaintiff's Complaint with leave to amend. Plaintiff has not yet filed an amended complaint.

    Before the Court is Plaintiff's Motion for Court Order to Release Property [ECF No. 16]. Plaintiff alleges that he was recently transferred from High Desert Prison to Kern Valley State Prison and that ten boxes containing his legal materials have not yet been delivered. He asks the Court to order the boxes be delivered. Because Plaintiff asks the Court to affirmatively require an entity to act, the Court construes the instant motion as one for injunctive relief.

    "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

At this stage in the proceedings, Plaintiff has not stated any claims for relief which are cognizable under federal law. The Court dismissed Plaintiff's original Complaint and no amended complaint has been filed. As a result, the Court has no jurisdiction to award any preliminary injunctive relief.

Accordingly, Plaintiff's Motion for Court Order to Release Property is DENIED. If the absence of Plaintiff's legal material makes it difficult or impossible for Plaintiff to file his amended complaint (which was due on June 30, 2010), Plaintiff is free to request additional time to file that amended pleadng.

IT IS SO ORDERED.

Dated:   August 11, 2010           /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE