# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ATTORNEY GENERAL, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | CASE NO.   1:09-cv-1556-MJS (PC)<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

　　　　Plaintiff Leroy Dewitt Hunter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the Magistrate Judge handling all matters in this action.  (ECF No. 6.)

　　　　On May 28, 2010, the Court ordered that Plaintiff's Complaint be dismissed for failure to state a claim.  (ECF No. 12.)  Plaintiff was given thirty days to file an amended complaint and was warned that failure to do so would result in dismissal of this action.  (ECF No. 12.)  When Plaintiff failed to meet this deadline, the Court ordered Plaintiff to show cause as to why his case should not be dismissed.  Plaintiff then moved the Court to appoint an attorney to assist him.  (ECF No. 14.)  The Court denied Plaintiff's motion and Plaintiff appealed.  (ECF Nos. 15 & 17.)  The Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction.  (ECF No. 22.)

　　　　Though all this, Plaintiff did not file an amended complaint.  On September 10, 2010, the Court ordered Plaintiff to file an amended complaint by October 1, 2010 or face dismissal of this action.  (ECF No. 23.)  Plaintiff still has not  filed an amended complaint.

| | |
|---|---|
| 1 | |
| 2 | Local Rule 11-110 provides that "failure of counsel or of a party to comply with these |
| 3 | Local Rules or with any order of the Court may be grounds for the imposition by the Court |
| 4 | of any and all sanctions . . . within the inherent power of the Court." District courts have |
| 5 | the inherent power to control their dockets and "in the exercise of that power, they may |
| 6 | impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. |
| 7 | Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with |
| 8 | prejudice, based on a party's failure to prosecute an action, failure to obey a court order, |
| 9 | or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th |
| 10 | Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, |
| 11 | 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment |
| 12 | of complaint). |

Because Plaintiff has failed to file an amended complaint, there is no pleading on file which sets forth any claims upon which relief may be granted under section 1983. The Court cannot allow this case to languish on its docket without an operative pleading. Plaintiff's repeated refusals to obey the Court's orders leave the Court no choice but to dismiss this action.

Accordingly, the above captioned action is DISMISSED without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated:  October 22, 2010          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE